```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 16-04310-RNO
Joyce Ann Mays                                                      Chapter 13
           Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0314-1          User: MMchugh              Page 1 of 2           Date Rcvd: Dec 05, 2016
                              Form ID: pdf002            Total Noticed: 30


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 07, 2016.
db             +Joyce Ann Mays,    133 N. Linden Street,    Harrisburg, PA 17103-1333
4845624        +Capital Region Water,    100 Pine Drive,    Harrisburg, PA 17103-1260
4845625         City Treasurer,    10 N. 2nd Street, Ste 103,    Harrisburg, PA 17101-1679
4845626        +Comcast Corp,    Comcast Center,    1701 JFK Boulevard,    Philadelphia, PA 19103-2899
4845627        +County of Dauphin Board of Commissioners,    P.O. Box 1295,    Harrisburg, PA 17108-1295
4845628        +Dauphin Deposit Bank and Trust Company,    213 Market Street,    Harrisburg, PA 17101-2141
4845629        +Enhanced Recovery Company,    PO Box 57547,    Jacksonville, FL 32241-7547
4845630      ++++FIRST NATIONAL BANK,    1 N SHORE CTR STE 503,    PITTSBURGH PA  15212-5837
                (address filed with court:  First National Bank,    One North Shore Center,
                  Pittsburgh, PA 15212)
4845631        +Jesse D. Pitt, Jr.,    133 N. Linden Street,    Harrisburg, PA 17103-1333
4845632        +Jesse Pitt Jr.,    133 N. Linden Street,    Harrisburg, PA 17103-1333
4845635        +M&T Bank,    c/o KML Law Group,    BNY Mellon Independence Ctr, Suite 5000,    701 Market Street,
                  Philadelphia, PA 19106-1538
4845637        +National Recovery Agency,    2491 Paxton Street,    Harrisburg, PA 17111-1036
4845638        +Orthopedic Institute of Pennsylvania,    3399 Trindle Road,    Camp Hill, PA 17011-2286
4845639        +PECO Bankruptcy Group,    2301 Market Street, S4-2,    Philadelphia, PA 19103-1338
4845640        +PGW,    800 W. Montgomery Ave,    Philadelphia, PA 19122-2806
4845641        +PHFA-HEMAP,    PO Box 2461,    Harrisburg, PA 17105-2461
4845643         PPL Electric Utilities,    827 Hausman Road,    Allentown, PA 18104-9392
4845644         The Arlington Group,    820 Sir Thomas Court,    Harrisburg, PA 17109-4839
4845645        +Torres Credit Services,    27 Fairview Street, Suite 301,    Carlisle, PA 17015-3200
4845646        +Torres Credit Services, Inc.,    PO Box 189,    Carlisle, PA 17013-0189
4845648        +US Dept of Housing and Urban Dev,    Financial Control Accounting Div,
                  Cash and Securities, Room 3112,    451 7th Street SW,    Washington, DC 20410-0001
4845649        +Verizon,    500 Technology Drive,    Suite 300,    Weldon Spring, MO 63304-2225
4845650        +West Shore Anesthesia Assoc.,    503 North 21st Street,    Camp Hill, PA 17011-2204
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4845623        +E-mail/Text: banko@berkscredit.com Dec 05 2016 18:58:53      Berks Credit and Collections,
                  900 Corporate Drive,    Reading, PA 19605-3340
4845634        +E-mail/Text: ebnsterling@weltman.com Dec 05 2016 18:58:55      Kay Jewelers,    375 Ghent Road,
                  Fairlawn, OH 44333-4600
4845636         E-mail/Text: camanagement@mtb.com Dec 05 2016 18:58:54      M&T Bank,    P.O. Box 1288,
                  Buffalo, NY 14240-1288
4853678         E-mail/Text: camanagement@mtb.com Dec 05 2016 18:58:54      M&T Bank,    P.O. Box 840,
                  Buffalo, NY 14240-0840
4845642         E-mail/Text: schesek@pinnaclehealth.org Dec 05 2016 18:58:55      Pinnacle Health Hospitals,
                  PO Box 8700,    Harrisburg, PA 17105-8700
4845647         E-mail/Text: bkrcy@ugi.com Dec 05 2016 18:59:26      UGI Utilities,    2525 North 12th Street,
                  Suite 360,    Reading, PA 19605
4851570         E-mail/Text: bkrcy@ugi.com Dec 05 2016 18:59:26      UGI Utilities, Inc.,    P.O. Box 13009,
                  Reading, PA 19612
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4845633*       +Jesse Pitt, Jr.,    133 N. Linden Street,    Harrisburg, PA 17103-1333
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2016                                      Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 5, 2016 at the address(es) listed below:

          Ashley Joanne Gabrielle    on behalf of Debtor Joyce Ann Mays agabrielle@midpenn.org
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          Joshua I Goldman    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                   TOTAL: 4

Rev. 06/01/16

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Joyce Ann Mays

: CHAPTER 13
: CASE NO. 1 - 16 -bk- 04310
:
: CHAPTER 13 PLAN
:
: (Indicate if applicable)
: # MOTIONS TO AVOID LIENS
: # MOTIONS TO VALUE COLLATERAL
:
: [✓] ORIGINAL PLAN
: [ ] AMENDED PLAN
: (Indicate 1ST, 2ND, 3RD, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

### PLAN PROVISIONS

**DISCHARGE:** (Check one)

[✓] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[✓] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $ __0__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $23321.64 _____, plus other payments and property stated in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 12/2016 | 5/2017 | 200.00 | 0.00 | 1200.00 |
    | 6/2017 | 11/2021 | 409.66 | 0.00 | 22121.64 |

    Total Payments: $ 23321.64

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  ☑ Debtor(s) is at or under median income

    ☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by

_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

   2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

   3. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| NONE | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank | Debtor's principal residence, 133 N. Linden Street, Harrisburg, PA 17103 | $ 429.27 | $ 24995.89 |
| PHFA | Debtor's principal residence, 133 N. Linden Street, Harrisburg, PA 17103 | $ 25.00 | $ 5761.00 |
|  |  | $ | $ |
|  |  | $ | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | Debtor's principal residence | $ POC/21280.70 | $ | $ per POC |
| PHFA | Debtor's principal residence | $ POC/700.00 | $ | $ per POC |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

Rev. 06/01/16

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| County of Dauphin Board of Commissioners | Debtor's principal residence. Debtor does not believe payments are due. | $ 138.75 | % | $ 0.00 |
| Dauphin Deposit Bank and Trust/M&T Bank | Debtor's principal residence. Debtor does not believe payments are due. | $ 3000.00 | % | $ 0.00 |
| US Dept of Housing and Urban Development | Debtor's principal residence. Debtor does not believe payments are due. | $ 15000.00 | % | $ 0.00 |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| NONE | |

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| NONE | |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

Rev. 06/01/16

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | $ |
|  | $ |
|  | $ |

B.  <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check only one box:

☐ In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | $ |
|  | $ |
|  | $ |

4. **UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| NONE |  | $ | % | $ |
|  |  | $ | % | $ |

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| NONE | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

NONE

(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

See below:

Additionally:

(1) Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the debtor, to the detriment of general, unsecured claims.

(2) During the course of this plan, the debtor may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the debtor is in full compliance with the terms of the plan. After the payment of administrative expenses pursuant to 11 U.S.C.1326(b)(1), monthly disbursements on secured claims may increase. Consequently, payments on secured claims pursuant to this plan shall not be "periodic" in nature.

(3) Pursuant to §349(b)(3), funds held by the trustee after confirmation shall vest in the debtor except for any amounts owed to Debtor's counsel pursuant to the 2016(b) statement, confirmed plan, and/or fee application(s). Upon dismissal, the trustee shall distribute such funds as are available to Debtor's counsel prior to disbursing funds to the debtor or other entities.

(4) Confirmation of the plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

(5) Binding Arbitration. The plan filed by the debtor herein specifically rejects, avoids, cancels, and otherwise releases the debtor from any and all contractual provisions, with any party or entity, which could or may impose on the debtor the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor or the Chapter 13 Trustee.

(6) Consumer Claims Not Waived. Confirmation of the plan shall constitute a finding that the debtor does not waive, release or discharge but rather retains and reserves to himself or herself, to the extent he or she may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that he or she could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United State Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

(7) Debtor's Standing. Confirmation of this plan shall vest in the debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

(8) Claim amounts: The amounts of the claims listed in the plan are estimated amounts and are not admissions by the debtor as to the amount(s) owed. In the event that the proof of claim filed in the case differs in amount from the estimated plan claim(s) amount, the amount of the allowed proof(s) of claim shall control.

(9) Secured claims receiving regular payments under paragraph 2 of this plan will be paid pursuant to 11 U.S.C. §1322(b)(3), commencing with the first payment that comes due after thirty days from the date of the filing of the petition.

(10) Claims for current spousal and child support and for arrearages will be paid outside the plan pursuant to 11 U.S.C. §1322(a)(4).

(11) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(12) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(13) The provision of this plan at 1. Plan Funding and Length of Plan, A. Plan Payments, 4. is modified to provide that the minimum that must be paid under the plan pursuant to the Means Test must be paid to unsecured general claims and unsecured priority claims unless priority claims have been included in the Means Test calculation.

(14) This plan is filed to comply with the means test. Confirmation of the plan shall not have res judicata effect as to the debtor's plan payment or act as a waiver of the debtor's right to file an amended plan that is consistent with the debtor's actual income.

(15) If a creditor fails to file a claim and the debtor files a claim on behalf of the creditor, the amount of the claim shall act as a maximum allowable amount and upon confirmation, the creditor shall be estopped from asserting that it is entitled to a greater amount and shall be estopped from attempting to collect a greater amount either during the case or after discharge.

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:
Level 1: .
Level 2: .
Level 3: _____
Level 4: _____
Level 5: .
Level 6: .
Level 7: .
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| | |
|---|---|
| Level 1: | Adequate protection payments. |
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Priority claims, pro rata. |
| Level 5: | Secured claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | General unsecured claims. |
| Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 10/31/16

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor